Interlocutory judgment reversed, with costs, and demurrer sustained and final judgment ordered dismissing the complaint as to the appellant, with costs.

Fourth Appellate Department, January, 1901. Reported. 57 App. Div. 635.

In the Matter of the Petition of GEORGE W. PECK, Respondent, for an Order Revoking and Canceling Liquor Tax Certificate No. 25,679, issued to NORMAN B. CARGILL, Appellant.

Order affirmed with costs.

All concurred.

Supreme Court, New York Special Term. Reported. N. Y. L. J., February 6, 1901.

HENRY H. LYMAN v. FRANK MOREL, et al.

R. R. Scott, for plaintiff.

Page & Eckley, for defendants.

CLARKE, J. This is an action to recover upon an excise bond given under the Liquor Tax Law. A verdict was directed for the plaintiff for the amount of the penalty named in the bond of

$1,600, with interest thereon from the time of breach of condition, subject to the opinion of the court as to whether interest upon such bond was recoverable. Section 1915 of the Code of Civil Procedure, "Action on a penal bond," provides: " But the damages to be recovered for a breach, or successive breaches, of the condition, cannot in the aggregate exceed the penal sum except where the condition is for the payment of money, in which case they cannot exceed the penal sum, with interest thereupon from the time when the defendant made default in the performance of the condition." In the case at bar it is clear that the bond is a penal bond with a penalty of $1,600. It is clear also, that the condition is not for the payment of a sum of money. The condition set forth in the bond is " that the said principal will not * * * suffer or permit any gambling to be done in the place designated by the liquor tax certificate in which the traffic in liquors is to be carried on * * * or suffer or permit such premises to become disorderly, and will not violate any of the provisions of the Liquor Tax Law * * * and the said principal will pay all fines and penalties incurred or imposed for violation of the Liquor Tax Law and any judgment or judgments recovered or entered against the said principal for or on account of any such violation of said law." That is a condition that the principal will not violate the law. That being the condition, section 1915 applies, and the amount of the recovery is limited to the penalty. Judgment must, therefore, be entered upon the verdict for $1,600.